IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CORY BONE AND LUIS CARRILLO,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                                                 Case No. 2:20-CV-00697 WJ/GJF

XTO ENERGY, INC.,

    Defendant.

**MEMORANDUM ORDER AND OPINION GRANTING IN PART AND DEFERRING IN PART DEFENDANT'S MOTION TO DISMISS PURSUANT TO <u>FED. R. CIV. P. 12(B)(2)</u> AND <u>FED. R. CIV. P. 12(B)(6)</u>**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss the Overbroad and Jurisdictionally Defective Class/Collective Claims in the First Amended Complaint, filed October 9, 2020 (Doc. 28). Having reviewed the parties' submissions and the applicable law, the Court finds that Defendant's motion is well-taken as to the absence of personal jurisdiction over claims by certain FLSA Collective Members under Federal Rule of Civil Procedure 12(b)(2). Accordingly, the Court hereby limits the members of this FLSA Collective action to only the Safety Consultants who worked for Defendant in the state of New Mexico during the period in controversy. As to the alleged insufficiencies of the Complaint under Rule 12(b)(6), the Court defers ruling until the jurisdictional matters are resolved. Defendants' Motion is therefore GRANTED IN PART and DEFERRED IN PART.

**BACKGROUND**

Plaintiffs Cory Bone and Luis Carrillo, as well as the Putative Class Members in the First Amended Collective/Class Action Complaint (Doc. 25), allege that they worked for Defendant as

Safety Consultants within the period of July 14, 2017 to the present. (Doc. 25 ¶ 2). Defendant is an oil and gas producer that operates throughout the United States and internationally. *Id.* ¶ 23. Plaintiffs assert that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the New Mexico Minimum Wage Act ("NMMWA"), N.M.S.A. §§ 50-4-19 *et seq.*, by failing to pay overtime for work performed beyond forty hours per week. *Id.*

Plaintiffs seek to bring a collective action under FLSA § 16(b), defining the FLSA Collective as "all Safety Consultants who worked for XTO Energy, Inc., anywhere in the United States, at any time from July 14, 2017 through the final disposition of this matter." *Id.* ¶ 67. Separately, Plaintiffs bring a class action for their NMMWA claims under Fed. R. Civ. P. 23(b)(3) and limit this class to "all Safety Consultants who worked for XTO Energy, Inc., *in the state of New Mexico*, at any time from July 14, 2017 through the final disposition of this matter." *Id.* ¶¶ 105, 122 (emphasis added).

Defendant seeks Rule 12(b)(2) dismissal for lack of personal jurisdiction against all claims by non-New Mexico members of the FLSA Collective. (Doc. 28 at 3). Defendant also seeks Rule 12(b)(6) dismissal on the grounds that the FLSA Collective class definition is "defective and insufficient to place XTO on notice of the putative class members." *Id.* at 21. In the interests of clarity and judicial restraint, the Court defers any decision on the Rule 12(b)(6) matter until the jurisdictional wrinkles are ironed out.

## LEGAL STANDARD

In a Rule 12(b)(2) dispute over personal jurisdiction, Plaintiffs bear the burden of proving that jurisdiction is proper over Defendants. *See Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004). Personal jurisdiction takes two forms. General jurisdiction grants a court power to make rulings binding the defendant "on any and all claims" regardless of where those claims

arose. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). This expansive power belongs to courts in the defendant's "home" state or states, which for a corporate defendant typically include its state of incorporation and its principal place of business, although additional locations are possible. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). In contrast, specific jurisdiction allows courts in other states to exercise power over a defendant, but only when minimum contacts exist connecting the defendant, the forum state, and the underlying controversy. *Daimler*, 571 U.S. at 133. The forum state's exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice"—a freestanding requirement that must be met even if minimum contacts do exist. *Benton*, 375 F.3d at 1075.

New questions regarding specific jurisdiction came about when the Supreme Court decided *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). In California Superior Court, plaintiffs from thirty-four states filed a mass action[1] under California law against a pharmaceutical company incorporated in Delaware and headquartered in New York. *Id.* at 1777–78. The Supreme Court found personal jurisdiction lacking for all non-California plaintiffs because no sufficient connection existed between the state of California and the claims by the nonresident plaintiffs—the nonresidents "were not prescribed Plavix [the drug at issue] in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.* at 1781. The ruling left two options for nationwide mass actions against a defendant: bring the full mass action in a state with general jurisdiction over the defendant, or bring a smaller mass action in every state with only in-state plaintiffs. *Id.* at 1784.

---

[1] A mass tort action, or simply mass action, "combine[s] multiple individual suits." *LaVigne v. First Cmty. Bancshares, Inc.*, 330 F.R.D. 293, 297 (D.N.M. 2019). In contrast, a Rule 23 class action involves "one Plaintiff who represents multiple similarly situated individuals." *Id. Bristol-Myers* did not address the question of whether its holding applied to class actions. 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting).

**DISCUSSION**

When a court receives a motion to dismiss for lack of personal jurisdiction alongside other issues, such as a motion to dismiss for failure to state a claim, "the court must first determine the jurisdictional issue." *Walker v. THI of New Mexico at Hobbs Center*, 801 F. Supp. 2d. 1128, 1140 (D.N.M. 2011) (citing *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998)). The Court therefore looks first to Defendant's 12(b)(2) motion.

**I.     General Jurisdiction**

Defendant argues that Plaintiffs "fail[] to allege facts that justify the exercise of general jurisdiction over XTO." (Doc. 28 at 11). In their First Amended Complaint, Plaintiffs assert that Defendant is a Delaware corporation, but that general jurisdiction in New Mexico is nonetheless proper "because XTO's significant contacts with, and business operations in, New Mexico are systematic and continuous such that it is essentially at home in New Mexico." (Doc. 25 ¶¶ 15, 18). Plaintiffs cite to Defendant's website, which identifies no fewer than *fourteen* states in which Defendant operates, including New Mexico. *Id.* ¶ 23 n.4; *Operating Areas*, XTO ENERGY, https://www.xtoenergy.com/en-us/operations/operating-areas (last visited Sept. 15, 2021). Plaintiffs do not explain whether Defendant's connection to New Mexico is particularly strong or whether they believe Defendant is "at home" in over a quarter of this country. Either way, by making only a conclusory statement regarding Defendant's contacts with New Mexico, Plaintiffs fail to carry the burden of demonstrating that Defendant's in-forum contacts are "so continuous and systematic as to render [it] essentially at home" here. *See Daimler*, 571 U.S. at 139 (internal quotation omitted); *Strobel v. Rusch*, 364 F. Supp. 3d 1270, 1278 (D.N.M. 2019) (when ruling on a Rule 12(b)(2) motion, courts need not accept conclusory allegations).

**II.    Specific Jurisdiction**

Specific jurisdiction in light of *Bristol-Myers* takes center stage in the jurisdictional dispute in this case. *Bristol-Myers* dealt with a mass action claim under state law; Defendant seeks to apply its logic and holding to a collective action claim under the FLSA.

### A. Contrary to Plaintiffs' argument, *Bristol-Myers* is not *per se* inapplicable to FLSA claims simply because the FLSA is a federal law.

Plaintiffs attempt to dispose neatly of the jurisdictional questions that *Bristol-Myers* poses by limiting its impact to state court jurisdiction. (Doc. 32 at 2–3). Certainly, *Bristol-Myers* addressed state court jurisdiction under the confines of the Fourteenth Amendment. *See Bristol-Myers*, 137 S. Ct. at 1783–84. However, the Fourteenth Amendment becomes critical to federal personal jurisdiction via Federal Rule of Civil Procedure 4(k)(1).

Rule 4(k)(1) provides three routes to federal personal jurisdiction. A federal statute may authorize nationwide service of process, a party joined under Rule 14 or Rule 19 may be served within certain physical boundaries, or federal personal jurisdiction may be coextensive with that of "a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1); *see Cory v. Aztec Steel Bldg., Inc.*, 468 F.3d 1226, 1232–33 (10th Cir. 2006). Put another way, when a federal statute does not authorize nationwide service of process—as the FLSA does not—and parties are not joined under Rule 14 or Rule 19, then federal courts follow the rules of a state court in their state. *See Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 396 (6th Cir. 2021); *Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992).

New Mexico's long-arm statute stretches as far as the Fourteenth Amendment allows. *Tercero v. Roman Cath. Diocese of Norwich, Connecticut*, 48 P.3d 50, 54 (N.M. 2002). Therefore, despite beginning with a federal statute, this legal journey leads right back to the Fourteenth Amendment issue at the heart of *Bristol-Myers*.

### B. The similarities between FLSA collective actions and the mass action in *Bristol-Myers* favor a similar application of law.

*Bristol-Myers* dealt with out-of-state claims in a mass action in state court, but some courts have distinguished nationwide class actions in federal court. *See LaVigne v. First Cmty. Bancshares, Inc.*, 330 F.R.D. 293, 297 (D.N.M. 2019); *Braver v. Northstar Alarm Servs., LLC*, 329 F.R.D. 320, 327 (W.D. Okla. 2018) (collecting cases). Because mass actions are a combination of many lawsuits in which many plaintiffs serve as parties to the case, some courts have held that they differ meaningfully from class actions, in which one or a few named plaintiffs represent a class of unnamed individuals whose residency will not make or break jurisdiction. *See LaVigne*, 330 F.R.D. at 297; *Mussat v. IQVIA, Inc.*, 953 F.3d 441, 447 (7th Cir. 2020) (highlighting key differences and noting that *Bristol-Myers* never reached the question of a class action).

A collective action under the FLSA, however, is neither a mass action in state court nor a class action under the Federal Rules of Civil Procedure. Consequently, dozens of courts have grappled with whether *Bristol-Myers* applies. *See* Adam Drake, Note, *The FLSA's Bristol-Myers Squibb Problem*, 89 FORDHAM L. REV. 1511, 1549 (2021) (collecting cases as of March 2021 to demonstrate a district-level split). Courts holding that *Bristol-Myers* does not apply note that a FLSA collective action is "only one suit," unlike a mass action "where independent suits with independent parties in interest are joined for trial." *Warren v. MBI Energy Servs., Inc.*, No. 19-cv-00800-RM-STV, 2020 WL 937420, at *6 (D. Colo. Feb. 25, 2020) (quoting *Hunt v. Interactive Med. Specialists, Inc.*, No. 1:19CV13, 2019 WL 6528594, at *3 (N.D. W. Va. Dec. 4, 2019)).

Conversely, courts applying *Bristol-Myers* characterize collective actions as closer to mass actions than class actions because the opt-in plaintiffs in a collective action have "party status." *Pettenato v. Beacon Health Options, Inc.*, 425 F. Supp. 3d 264 (S.D.N.Y. 2019) (citations omitted). As the Sixth Circuit discusses in *Canaday v. Anthem Cos., Inc.*, "[t]he key link is party status. In

a FLSA collective action, as in the mass action under California law, each opt-in plaintiff becomes a real party in interest, who must meet her burden for obtaining relief and satisfy the other requirements of party status." 9 F.4th 392, 397 (6th Cir. 2021); *see also Vallone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 866 (8th Cir. 2021) (requiring personal jurisdiction over each opt-in FLSA collective action claim).

The Court finds the latter approach more persuasive. Mass and collective actions treat all members as parties who must each meet jurisdictional requirements, but class actions differ because they are representative in nature. *See Canaday*, 9 F.4th at 402. The soundest approach is a consistent one: mass and collective actions bear enough similarities that the holding in *Bristol-Myers* applies to both.

### C. Congressional intent regarding nationwide FLSA collective actions does not place such actions beyond *Bristol-Myers*' reach.

Courts that hold FLSA collective actions to be outside the scope of *Bristol-Myers* tend to hold the view that Congress did not intend the FLSA to cover only in-state plaintiffs when it allowed for collective actions, and that to constrain the FLSA's collective action provision by conforming it with *Bristol-Myers* would "splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Swamy v. Title Source, Inc.*, No. C 17-01175, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017). These concerns are not to be taken lightly. Indeed, a fellow district court in the Tenth Circuit ruled that *Bristol-Myers* does not apply to FLSA collective actions and "decline[d] to substitute its judgment for that of Congress by expanding the reach of *Bristol-Myers*" to the matter before it. *Warren*, 2020 WL at *7.

This Court recognizes the troubling conflict between Congress's likely intent in creating the FLSA collective action and Congress's failure to include a nationwide service of process

7

provision within the FLSA, which would have prevented this entire dispute. *See* Fed. R. Civ. P. 4(k)(1). However, *Bristol-Myers*' harsh effects do not soften this Court's obligation to apply this U.S. Supreme Court case as binding precedent. Congress may protect FLSA collective actions from *Bristol-Myers*' sting by amendment if it chooses. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 106 (1987) ("It would appear that Congress knows how to authorize nationwide service of process when it wants to provide for it. That Congress failed to do so here argues forcefully that such authorization was not its intention."). Otherwise, plaintiffs may pursue a nationwide FLSA collective action in the defendant's home state. *See Bristol-Myers*, 137 S. Ct. at 1784.

### III.    Motion to Dismiss for Failure to State a Claim

The Court defers ruling on the 12(b)(6) motion until the jurisdictional matters are resolved.

### IV.    Briefing

Because personal jurisdiction over the claims by non-New Mexico plaintiffs is not proper in this Court, Plaintiffs have two choices. They may accept the loss of the non-New Mexico plaintiffs and proceed as a collective composed solely of New Mexico plaintiffs, or they may request that this Court transfer the entire case to Delaware, where Defendant is incorporated and therefore may be subject to general jurisdiction on all claims from the nationwide collective. The Court orders briefing from both parties **WITHIN TWO WEEKS OF THE ENTRY OF THIS ORDER** addressing the law on this subject to determine next steps for this case.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE